WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| PCT International, Inc., | No. CV-12-01797-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Holland Electronics, LLC, | |
| Defendant. | |

Pending before the Court is Plaintiff's Motion to Disqualify (Doc. 28). The Court now rules on the Motion.

I. **BACKGROUND**

Defendant Holland Electronics is represented by two law firms in this matter: Ocean Law and Snell & Wilmer, L.L.P. ("Snell & Wilmer"). Pursuant to Ethical Rules 1.9 and 1.10 of the Arizona Rules of Professional Conduct, Plaintiff moves to disqualify Snell & Wilmer, L.L.P. from the representation of Defendant in this matter because one of Snell & Wilmer's attorneys, Mr. Rogers, formerly represented Plaintiff in legal matters, which Plaintiff asserts are substantially related to this lawsuit. Although Mr. Rogers is not directly involved in the representation of Defendant in this matter, Plaintiff asserts that Mr. Rogers has a conflict in the representation that can be imputed to the attorneys at Snell & Wilmer that are representing Defendant in this matter, and, thus, Snell & Wilmer must be disqualified.

II. **LEGAL STANDARD**

"The United States District Court for the District of Arizona has adopted the

Arizona Rules of Professional Conduct as its ethical standards. LR Civ 83.2(e) . . . Accordingly, this Court applies the Arizona ethical rules when evaluating motions to disqualify counsel." *Roosevelt Irrigation. Dist. v. Salt River Project Agric. Improvement and Power Dist.*, 810 F.Supp.2d 929, 944 (D. Ariz. 2011) (internal citations omitted).

Pursuant to Ethical Rule 1.9(a),

> A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.

ER 1.9(a)

Further, pursuant to Ethical Rule 1.10(d),

> (d) When a lawyer becomes associated with a firm, no lawyer associated in the firm shall knowingly represent a person in a matter in which that lawyer is disqualified under ER 1.9 unless:
>
> (1) the matter does not involve a proceeding before a tribunal in which the personally disqualified lawyer had a substantial role;
>
> (2) the personally disqualified lawyer is timely screened from any participation in the matter and is apportioned no part of the fee therefrom; and
>
> (3) written notice is promptly given to any affected former client to enable it to ascertain compliance with the provisions of this Rule.

E.R. 1.10(d).

"[O]nly in extreme circumstances should a party to a lawsuit be allowed to interfere with the attorney-client relationship of his opponent." *Alexander v. Superior Court,* 685 P.2d 1309, 1313 (Ariz. 1984); *see Amparano v. ASARCO, Inc.,* 208 Ariz. 370, 93 P.3d 1086, 1092 (Ariz. Ct. App. 2004) ("[T]he rules of professional responsibility are

for ethical enforcement and are not designed to be used as a means to disqualify counsel. The courts have, of course, looked to the ethical rules for guidance on disqualification issues.") (internal citation omitted); *Optyl Eyewear Fashion Int'l Corp. v. Style Cos., Ltd.,* 760 F.2d 1045, 1050 (9th Cir. 1985) ("disqualification motions should be subjected to 'particularly strict judicial scrutiny'") (internal citation omitted). "However, close or doubtful cases are resolved in favor of disqualification in order to preserve the integrity of the judicial system." *Roosevelt*, 810 F.Supp.2d at 944 (internal citations omitted). "[T]he burden is on the party moving to disqualify opposing counsel to show 'sufficient reason' why the attorney should be disqualified." *Amparano*, 93 P.3d at 1093.

### III.   ANALYSIS

Snell & Wilmer does not dispute that Mr. Rogers formerly represented Plaintiff or that Plaintiff's and Defendant's interests in this case are materially adverse. Rather, the entire dispute in this case concerns whether this case is substantially related to matters on which Mr. Rogers previously represented Plaintiff.

Matters are substantially related "if they involve the same transaction or legal dispute or if there otherwise is a substantial risk that confidential factual information as would normally have been obtained in the prior representation would materially advance the client's position in the subsequent matter." ER 1.9 cmt. 3 (2003). Determining the scope of a "matter" requires examination of the facts of a particular situation or transaction and the nature and degree of the lawyer's involvement. ER 1.9 cmt. (2003).

Plaintiff first argues that the matters are substantially related because Mr. Rogers obtained information regarding Plaintiff's approach to and tolerance of potential patent litigation, strategic approaches to this type of litigation, and is familiar with Plaintiff's strategies for patenting inventions relating to coaxial cable connectors. The Court finds that Plaintiff has not carried its burden of showing that Mr. Rogers' former representation of Plaintiff in patent-related matters generally requires disqualification in this case.

"[A] lawyer who recurrently handled a type of problem for a former client is not precluded from later representing another client in a wholly distinct problem of that type

even though the subsequent representation involves a position adverse to the prior client." ER 1.9 cmt 2 (2003). Moreover, "general knowledge of the client's policies and practices ordinarily will not preclude a subsequent representation." ER 1.9 cmt. 3 (2003). "The underlying question is whether the lawyer was so involved in the matter that the subsequent representation can be justly regarded as changing sides in the matter in question." ER 1.9 cmt 2.

In this case, Plaintiff alleges that it is the owner of United States Patent No. 6,042,422 (the "422 Patent") entitled "Coaxial cable and connector crimped by axial compression." (*See* Doc. 1) Plaintiff alleges that Defendant has infringed and continues to infringe the 422 Patent. (*Id.*). The 422 Patent issued in the year 2000. Mr. Rogers worked on patent and trademark matters for Plaintiff between 2008 and 2010. Mr. Rogers did not work on the preparation or prosecution of the 422 Patent and there is no allegation that he ever reviewed, analyzed, or advised Plaintiff about the 422 patent. Although Mr. Rogers advised Plaintiff about other coaxial cable connecter patents and worked with the inventor of the 422 patent, Plaintiff has failed to demonstrate that Mr. Rogers' gained anything more than a general knowledge of Plaintiff's policies and practices during his two-year representation of Plaintiff on certain patent-related matters. As such, Plaintiff has not shown that Mr. Rogers' gained such specific facts about how Plaintiff generally handles patent litigation and how it patents products that he could be seen as changing sides on the subject matter of this litigation.

Plaintiff next argues that Mr. Rogers provided it with specific advice regarding United States Patent Nos. 5,525,076 and 5,466,173 (the "Down Patents"). Plaintiff argues that Mr. Rogers' involvement in the Down Patents is substantially related to the litigation of the 422 Patent because Defendant asserted prosecution history estoppel as a defense in its Answer and discussed alleged representations made by Plaintiff regarding the Down Patents to the Patent Office in 1999 in order to obtain the 422 Patent.

Defendant argues that the only references to the Down Patents in the Answer came solely from the public record of the Patent Office from 1999 and there is no allegation

that Mr. Rogers ever advised Plaintiff concerning any aspect of the prosecution history of the 422 Patent, involving the Down Patents or otherwise.

In light of these facts, Plaintiff has not met its burden of demonstrating that Mr. Rogers' former representation of Plaintiff is substantially related to the issues in this case. There is no suggestion that Mr. Rogers worked on the 422 Patent, which is the main issue in this litigation. Although Mr. Rogers advised Plaintiff on some aspects of the Down Patents, Plaintiff has not demonstrated that such advice was related in any way to the 422 Patent or would somehow be related to the affirmative defense relating to the Down Patents. Specifically, the only information Plaintiff relies on in its Answer relating to the Down Patents is from the public record of the Patent office, which was created over eight years before Mr. Rogers undertook any representation of Plaintiff. "[I]nformation that has been disclosed to the public ordinarily will not be disqualifying." ER 1.9 cmt. 3. Such public information cannot be the basis for a conflict and does not demonstrate that any advice Mr. Rogers gave regarding the Down Patents is substantially related to this litigation.

Because disqualification should only be used in extreme circumstances and Plaintiff has not carried its burden of showing that Mr. Rogers represented Plaintiff in a matter substantially related to this case, the Motion to Disqualify is denied.

IV.   **CONCLUSION**

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Motion to Disqualify (Doc. 28) is denied.

Dated this 7th day of March, 2013.

James A. Teilborg
Senior United States District Judge