**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| PCT International, Inc., | No. CV-12-01797-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Holland Electronics LLC, | |
| Defendant. | |

Pending before the Court is Plaintiff PCT International, Inc.'s ("PCT") Motion to File Under Seal Motion to Modify the Protective Order for Confidential Information (Doc. 137). The Court now rules on the motion.

**I.    Background**

At a November 7, 2013 hearing, the Court ordered the courtroom, docket, and transcript sealed "for the limited purpose of dealing with the protective order eyes-only designation." (Doc. 108). The present issue arises out of PCT's filing of its Plaintiff's Motion to Modify the Protective Order for Confidential Information (Doc. 138). Because this motion relies upon a portion of the sealed transcript from the November 7, 2013 hearing, PCT believed the motion should be filed under seal. Accordingly, PCT filed its redacted version of the motion at Doc. 138 and lodged a sealed version at Doc. 139.

PCT then filed a corresponding Motion to File Under Seal Motion to Modify the Protective Order for Confidential Information (Doc. 137). In this motion, PCT asked to file the underlying motion under seal because it quoted from the sealed transcript of the November 7, 2013 hearing. (Doc. 137 at 2). PCT acknowledged, however, that it did "not

contend that the transcript meets the criteria for sealing as set out in relevant Ninth Circuit cases." (*Id.*)

The Court ordered Defendant Holland Electronics, Inc. ("Holland") to respond to PCT's motion and demonstrate why the transcript should remain sealed. Holland filed a response in which it asked the Court to permit Holland to file a redacted transcript with only nine lines on one page being sealed but to continue enforcing the protective order against PCT with respect to the presently sealed information from that hearing. (Doc. 148 at 7).

## II. Legal Standard

The Ninth Circuit Court of Appeals has recognized "a strong presumption in favor of access to court records," *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003), and there is a general right of access "to inspect and copy . . . judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). This federal common law right "extends to pretrial documents filed in civil cases." *Foltz*, 331 F.3d at 1134.

"The public policies that support the right of access to dispositive motions, and related materials, do not apply with equal force to non-dispositive materials." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). In such cases, a showing of good cause under Federal Rule of Civil Procedure 26(c) is sufficient to preserve the secrecy of sealed material. *Foltz*, 331 F.3d at 1135. When good cause has been shown that release of documents will cause competitive harm to a business, sealing is appropriate. *See Apple Inc. v. Samsung Electronics Co.*, 727 F.3d 1214, 1221-22 (Fed. Cir. 2013) (applying Ninth Circuit law). A corporation has a significant interest in preventing confidential information such as profit, cost, and margin data from becoming public. *See id.* at 1225. Conversely, the public has minimal interest in the detailed financial information of a corporation that does not assist the public in understanding the judicial process. *See id.* at 1228.

Finally, although good cause may exist to initially seal a transcript, "when the

competing interests precipitating hearing closure are no longer viable," the transcript must be released. *Phoenix Newspapers, Inc. v. U.S. Dist. Court for the Dist. of Ariz.*, 156 F.3d 940, 948 (9th Cir. 1998).

**III. Analysis**

In this case, Holland acknowledges that most of the sealed transcript does not disclose confidential information contained within the documents discussed at the November 7, 2013 hearing. (Doc. 148 at 6). Page 46 of the sealed transcript, however, discloses confidential pricing information as to Holland connectors. Holland has a significant interest in protecting this competitive information, and the public has minimal interest in knowing the particular price of a Holland connector. Accordingly, the Court finds good cause remains for this portion of the transcript to remain sealed.

Holland suggests that the Court allow it to file a redacted version of the transcript that omits only lines 7-15 on page 46, which provides the least restrictive alternative to permit public access while protecting the interests of the parties. (*Id.* at 7). The Court agrees.[1]

**IV. Conclusion**

For the foregoing reasons,

**IT IS ORDERED** that PCT's Motion to File Under Seal Motion to Modify the Protective Order for Confidential Information (Doc. 137) is denied without prejudice (but Doc. 139 is to remain under seal as specified below).

**IT IS FURTHER ORDERED** that the November 7, 2013 hearing transcript is unsealed except for lines 7-15 on page 46 (but Doc. 135 is to remain under seal).

**IT IS FURTHER ORDERED** that Holland shall within five days file a redacted

---

[1] Holland also proposes that the Court modify the Protective Order to prevent PCT from using any information unsealed as a result of this Order. (Doc. 148 at 7). The Court cannot order that PCT is barred from using information that admittedly does not meet the criteria for sealing. Accordingly, while the Protective Order applies to lines 7-15 on page 46 as that portion of the hearing transcript will remained sealed, the Court will not order that PCT is restricted in its use of the remaining information in the transcript. The Court does not imply, however, that PCT is *not* restricted from doing so if the Protective Order so requires.

- 3 -

1  copy of the November 7, 2013 hearing transcript that redacts only lines 7-15 on page 46.
2      **IT IS FURTHER ORDERED** that PCT's Motion to Modify the Protective Order
3  for Confidential Information currently lodged as Doc. 139 is stricken but remains under
4  seal. PCT may within five days refile its Motion to Modify the Protective Order for
5  Confidential Information if it believes that either a new redacted or sealed version is
6  necessary for the Court's ruling.
7      Dated this 30th day of April, 2014.

James A. Teilborg
Senior United States District Judge