**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| PCT International Incorporated, | No. CV-12-01797-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Holland Electronics LLC, | |
| Defendant. | |

Pending before the Court are Plaintiff PCT International Incorporated ("PCT")'s Motion to Modify the Protective Order for Confidential Information (Doc. 138) and Motion to File Under Seal its Reply in Support of Motion to Modify the Protective Order (Doc. 151). The Court now rules on the motions.

**I.  Background**

Pursuant to the parties' stipulation, the Court entered a Protective Order that permitted the parties to designate materials as "CONFIDENTIAL" or "OUTSIDE ATTORNEYS' EYES ONLY." (Doc. 53 at 2). The Protective Order provides that material so designated "shall not be used or disclosed for any purpose other than the litigation of this action." (*Id.*) At a November 7, 2013 hearing, the Court ordered a number of documents (the "Redesignated Documents") designated by Holland as "OUTSIDE ATTORNEYS' EYES ONLY" to be redesignated, pursuant to PCT's request, as "CONFIDENTIAL." (Doc. 180-1 at 51). The Redesignated Documents generally concern communications regarding PCT between Defendant Holland Electronics, LLC ("Holland") and PCT's suppliers, including EZconn Corporation

1 ("EZconn"). (Doc. 180-1 at 31-32).

2 On March 18, 2014, PCT filed an action[1] (the "Collateral Litigation") in the United States District Court for the District of Nevada against EZconn, eGtran Corporation ("eGtran"), and others, alleging fraud, unfair competition, and breaches of contract. (Doc. 138-2 at 2; Doc. 138-3). Holland is not a named defendant in the Collateral Litigation. (Doc. 138-3). PCT alleges in the Collateral Litigation that EZconn and eGtran misused PCT's confidential information for their own benefit as well as the benefit of PCT's competitors. (Doc. 138-3). PCT specifically alleges that EZconn,[2] violated confidentiality agreements when it disclosed PCT's confidential information to others, used the information for the benefits of third parties, reproduced the information, and disclosed details of PCT's product orders with third parties, among other actions. (Doc. 138-3 at 7, 16-17).

**II.     Motion to Seal**

PCT has lodged (at Doc. 153) its reply in support of its Motion to Modify the Protective Order for Confidential Information under seal. PCT seeks to file that reply under seal because it refers to documents designated by Holland as confidential under the Protective Order. (Doc. 151 at 2). The Court finds that PCT and Holland have shown good cause for sealing PCT's reply (and accompanying exhibits) pursuant to the terms of the Protective Order. The Court will grant PCT's Motion to File Under Seal its Reply in Support of Motion to Modify the Protective Order (Doc. 151).

**III.    Motion to Modify the Protective Order**

PCT seeks to modify the Protective Order to permit it to use the Redesignated Documents in the Collateral Litigation. (Doc. 138 at 2). PCT argues that the Redesignated Documents are relevant to the claims presently asserted in the Collateral Litigation as well as to claims for misuse of PCT's confidential information that PCT

---

[1] *Andes Industries, Inc. & PCT International Inc. v. Lan et al.*, No. 2:14-cv-00400.

[2] PCT alleges that eGtran at one point owned EZconn, (Doc. 138-3 at 8), and the Court assumes that PCT's allegations against EZconn thus include eGtran.

anticipates it may add in an amended complaint in the Collateral Litigation. (*Id.* at 4).

### A. Legal Standard

Federal Rule of Civil Procedure ("Rule") 26(c) permits the Court to issue protective orders "for good cause" to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" during the discovery process. Fed. R. Civ. P. 26(c)(1). "A party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003).

A party seeking the modification of a protective order to permit protected materials to be discoverable in collateral litigation must follow a three-step process. *See Darby v. Safeco Ins. Co. of Am.*, 2012 WL 5512576, at *2 (D. Ariz. Nov. 14, 2012). "As an initial matter, the collateral litigant must demonstrate the relevance of the protected discovery to the collateral proceedings and its general discoverability therein." *Foltz*, 331 F.3d at 1132. "Such relevance hinges 'on the degree of overlap in facts, parties, and issues between the suit covered by the protective order and the collateral proceedings.'" *Id.* (citation omitted). Second, the court must be satisfied that "the protected discovery is sufficiently relevant to the collateral litigation that a substantial amount of duplicative discovery will be avoided by modifying the protective order." *Id.* "The court that issued the [protective] order is in the best position to make the relevance assessment for it presumably is the only court familiar with the contents of the protected discovery." *Id.* Finally, if the court modifies the protective order to permit the discovery, responsibility shifts to the court overseeing the collateral litigation to determine whether the collateral litigants may ultimately obtain the materials in discovery. *Id.* at 1132-33; *see also Darby*, 2012 WL 5512576, at *2.

The interests of judicial economy "strongly favor access to discovery materials to meet the needs of parties engaged in collateral litigation." *Id.* at 1131. "Allowing the fruits of one litigation to facilitate preparation in other cases advances the interests of

1  judicial economy by avoiding the wasteful duplication of discovery." *Id.* Thus, when
2  determining whether to modify the protective order, the court must "weigh the
3  countervailing reliance interest of the party opposing modification against the policy of
4  avoiding duplicative discovery." *Id.* at 1133. A party's interest in preserving secrecy
5  against the public "can be accommodated by placing the collateral litigants under the
6  same restrictions on use and disclosure contained in the original protective order." *Id.*
7  (quoting *United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1428 (10th Cir.
8  1990)).

**B.   Analysis**

Before the Court addresses the merits of PCT's motion, it notes that PCT has expanded the scope of its requested relief in its reply in support of its motion. Although PCT initially moved to modify the Protective Order with respect to only the Redesignated Documents,[3] (Doc. 138 at 2), it requests for the first time in its reply that the Court also permit it to use Holland Deposition Exhibits 42, 43, 44, 46, 49, and 51 in the Collateral Litigation, (Doc. 152 at 2). The Court will not consider issues or evidence raised for the first time in a reply, as these issues are properly raised in a separate motion. *See Am. Traffic Solutions, Inc. v. Redflex Traffic Sys., Inc.*, 2009 WL 775104, at *1 (D. Ariz. Mar. 20, 2009). Accordingly, the Court will consider PCT's motion with respect to only the Redesignated Documents.

Turning to the merits, PCT bears the burden of showing that the Redesignated Documents are relevant to the collateral litigation. *See Foltz*, 331 F.3d at 1132. PCT argues that its claims in the Collateral Litigation are each based upon the misuse of PCT's confidential information and the Redesignated Documents demonstrate misuse supporting PCT's claims. (Doc. 152 at 3). For example, PCT asserts that one of the documents (HOLL 28024-25) shows that EZconn provided PCT's confidential pricing information to Holland. (*Id.* at 4-5). In that document, EZconn disclosed to Holland the

---

[3] The particular list of documents, labeled by Bates number, is contained in PCT's proposed order accompanying its motion. *See* (Doc. 138-1 at 1-2).

- 4 -

1 price at which it offered to manufacture PCT's product. (Doc. 153-2 Ex. 7). In another
2 document, (HOLL 46806-10), EZconn disclosed to Holland the quantities and shipment
3 dates of PCT compression connector orders. (*Id.* Ex. 8). In HOLL 31262, EZconn sent
4 certain e-mail attachments to Holland in an e-mail with the subject line "RE: PCT." (*Id.*
5 Ex. 9).

6       In still another document, (HOLL 29346-53), EZconn forwarded via e-mail to
7 Holland copies of communications and a financial transaction between PCT and EZconn
8 concerning a dispute regarding loans made from EZconn to PCT. (*Id.* Ex. 10). Holland
9 also asked EZconn to delete e-mails concerning PCT after reading them because Holland
10 was concerned about getting sued for "interference." (*Id.* Ex. 11) (HOLL 31119); (*Id.* Ex.
11 12) (HOLL 31083).

12       Holland contends that these documents are not relevant to the Collateral Litigation
13 because the parties, facts, and issues are different from those of this action. (Doc. 144 at
14 4). In making this argument, Holland relies upon *Foltz*'s instruction that relevance
15 "hinges on the degree of overlap in facts, parties, and issues between the suit covered by
16 the protective order and the collateral proceedings." *Foltz*, 331 F.3d at 1132. Holland is
17 correct that only one of the parties to this action is also a party to the Collateral
18 Litigation, namely PCT, and is also correct that there is little apparent overlap in the
19 issues because the present action is a patent infringement action against Holland whereas
20 the Collateral Litigation is a breach of contract, fraud, and unfair competition action
21 against PCT's suppliers. *See* (Doc. 144 at 4-5).

22       Contrary to Holland's contentions, however, there is a strong overlap in the facts
23 between this patent infringement litigation and the Collateral Litigation, as evidenced by
24 the Redesignated Documents containing information concerning PCT, a party to both
25 cases. PCT alleges in the Collateral Litigation that EZconn filed patent applications
26 wrongfully claiming PCT's intellectual property as its own. (Doc. 138-3 at 10-11). In this
27 case, although a communication from EZconn to Holland concerning PCT's pricing may
28 not be relevant to PCT's patent infringement lawsuit against Holland, it is relevant to a

1  lawsuit involving EZconn's alleged wrongful disclosure of that pricing. PCT has shown
2  that at least some of the Redesignated Documents are relevant to the Collateral Litigation.
3        PCT has not shown, however, that the Redesignated Documents are "sufficiently
4  relevant to the collateral litigation that a substantial amount of duplicative discovery will
5  be avoided by modifying the protective order." *See Foltz*, 331 F.3d at 1132. In *Foltz*, the
6  district court had issued a blanket protective order "forbidding both parties to disclose
7  any information produced in discovery absent permission from the other party or from
8  the district court." *Id.* at 1131. Thus, the district court never required a showing that
9  specific discovery documents contained confidential information. *Id.* In the present case,
10 the Protective Order was tailored to apply to only limited discovery documents, namely
11 those designated by a party as "CONFIDENTIAL" or "OUTSIDE ATTORNEYS' EYES
12 ONLY." (Doc. 53). Moreover, the Protective Order specifically requires the parties to
13 "use reasonable care to avoid designating as confidential documents or information that
14 does not need to be designated as such." (*Id.* at 5).
15       In weighing "the countervailing reliance interest of the party opposing
16 modification against the policy of avoiding duplicative discovery," *Foltz*, 331 F.3d at
17 1133, the Court finds that Holland has a strong reliance interest in the Redesignated
18 Documents remaining confidential and modifying the Protective Order would not avoid a
19 "*substantial amount* of duplicative discovery," *id.* at 1132 (emphasis added). As the court
20 in *Foltz* noted, "reliance will be less with a blanket protective order, because it is by
21 nature overinclusive." *Id.* at 1133. Here, the Protective Order applies to only those
22 documents designated as confidential and provides a means for the parties to dispute
23 those designations, as occurred with respect to the Redesignated Documents when the
24 Court ordered them redesignated as "CONFIDENTIAL." (Doc. 180-1 at 51). The
25 Protective Order limits the scope of protected discovery and the fifty-four Redesignated
26 Documents do not comprise a substantial amount of discovery. Additionally, because the
27 Protective Order is so narrow that it applies to only a small portion of discovery, Holland
28 relies upon the Protective Order to an extent that it might not otherwise rely had it been a

1    blanket protective order. For example, Holland asserts that the Redesignated Documents,
2    as the personal e-mails of non-party Michael Holland, were produced "in reliance upon
3    the limitation of the protective order limiting the use of such documents to this
4    litigation." (Doc. 144 at 5-6).

5          PCT asserts that Holland has a minimal privacy interest in the Redesignated
6    Documents because the defendants in the Collateral Litigation are already aware of their
7    substance. (Doc. 138 at 5). But the interests of those defendants are not at issue here. The
8    issue is Holland's reliance interest, and that interest is particularly strong when, as here,
9    the status of the Redesignated Documents as protected discovery has been fully litigated
10   between the parties. The Redesignated Documents were the subject of a hearing at which
11   both sides presented argument and the Court ruled that they were to be redesignated as
12   "CONFIDENTIAL" instead of "OUTSIDE ATTORNEYS' EYES ONLY." (Doc. 180-
13   1). Given that the Redesignated Documents preserved their protected status after an
14   adversarial hearing, Holland was justified in relying upon that outcome. Holland's
15   reliance interest outweighs the policy interest in avoiding duplicative discovery.

16         PCT next asserts that modification of the Protective Order is necessary to further
17   the principle of *Foltz* that "[a]llowing the fruits of one litigation to facilitate preparation
18   in other cases advances the interests of judicial economy by avoiding the wasteful
19   duplication of discovery." (Doc. 138 at 5) (quoting *Foltz*, 331 F.3d at 1131). But although
20   *Foltz* adopts this principle, it does not require modification of a protective order merely
21   because duplicative discovery would otherwise occur. *Foltz* explicitly provides that the
22   policy against duplicative discovery is to be weighed against the reliance interest of the
23   party opposing modification. 331 F.3d at 1133. Thus, PCT errs in excluding the balance
24   of the *Foltz* analysis from consideration.

25         PCT additionally errs in misinterpreting Holland's failure to object to PCT's
26   proposed self-restrictions for its use of the Redesignated Documents in the Collateral
27   Litigation as acquiescence to PCT's motion. (Doc. 152 at 2-3). PCT proposes that if its
28   motion is granted, it will take steps to preserve the protection currently afforded to the

1  Redesignated Documents, including not quoting them in an amended complaint and a
2  promise to seek a protective order in the Collateral Litigation providing the same level of
3  protection as the Protective Order. (*Id.* at 2). Because Holland objected more generally to
4  the propriety of modifying the Protective Order under the *Foltz* test, Holland was not
5  required to list specific objections to PCT's proposed course of action *after* a
6  modification of the Protective Order.[4] Holland did not waive its objections to PCT's
7  motion.

### C. Conclusion

Because PCT has failed to show that the Redesignated Documents are sufficiently relevant to the Collateral Litigation such that modifying the Protective Order to permit their discovery will avoid a substantial amount of duplicative discovery, PCT has not established that it is entitled to modification of the Protective Order.[5]

### IV. EZconn and eGtran's Response

Shortly after PCT filed its motion, counsel for non-parties EZconn and eGtran filed a document purporting to be a response to PCT's motion, captioned as "Non-Parties eGtran Corporation and EZconn Corporation's Response in Opposition to Plaintiff PCT International, Inc.'s Motion to Modify the Protective Order for Confidential Information" (Doc. 143). The next day, counsel for EZconn and eGtran filed a notice of appearance. (Doc. 145). EZconn and eGtran assert that they "wish to be heard with respect to" PCT's motion and "respectfully request that the Court consider their opposition" to the motion. (Doc. 143 at 1-2).

Rule 24 provides that non-parties wishing to intervene in a case do so "[o]n timely

---

[4] Moreover, PCT's promise to seek a protective order is without weight because there is no guarantee that the District of Nevada will approve PCT's request.

[5] PCT devotes a page of its reply to addressing an argument by Holland that it then concedes is "irrelevant to the instant motion." (Doc. 152 at 6-7). The Court does not rest any basis for its ruling upon Holland's "irrelevant" argument.

Furthermore, because the Court strikes EZconn and eGrant's response, for the reasons to be discussed, the Court need not consider PCT's arguments in reply to that response. *See* (Doc. 152 at 7-10).

1  motion." Fed. R. Civ. P. 24(a), (b). In addition to establishing the criteria for intervention
2  of right and permissive intervention, the rule also specifies the procedure for moving to
3  intervene:

> A motion to intervene must be served on the parties as provided in Rule 5. The motion must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought.

Fed. R. Civ. P. 24(c). EZconn and eGtran did not comply with this requirement, which is mandatory. *See Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 472-75 (9th Cir. 1992) (holding that Rule 24 is the appropriate basis for third-party challenges to protective orders). Although the Court may choose to excuse a Rule 24 procedural defect, it is not required to do so. *See id.* at 474-75 (excusing a defect where the non-parties had filed motions to intervene but had not fully stated the legal and factual grounds for doing so). EZconn and eGtran have not even moved to intervene, and so their procedural failing is greater than that in *Beckman*, where the excused procedural defect was merely that the motion to intervene was unsupported by a pleading. *See id.* at 471, 474.

Because of the complexity of this case and the need for the Court to manage its docket, the Court requires all filers, including non-parties, to comply with the Federal Rules of Civil Procedure.[6] Accordingly, the Court will strike EZconn and eGtran's response for failure to first move to intervene in accordance with Rule 24.[7]

**IT IS ORDERED** granting PCT's Motion to File Under Seal its Reply in Support of Motion to Modify the Protective Order (Doc. 151). The Clerk of the Court shall file under seal PCT's Reply in Support of Motion to Modify the Protective Order, currently lodged as Doc. 153.

**IT IS FURTHER ORDERED** striking Non-Parties eGtran Corporation and

---

[6] For example, the Court in this Order also strikes PCT's attempt in its reply to add new documents to the basis of its motion. *See* supra text accompanying footnote 3.

[7] Because EZconn and eGtran were the only entities to request oral argument and the Court is striking their response, the Court will not hold oral argument on PCT's motion.

1 | EZconn Corporation's Response in Opposition to Plaintiff PCT International, Inc.'s
2 | Motion to Modify the Protective Order for Confidential Information (Doc. 143).

**IT IS FURTHER ORDERED** denying PCT's Motion to Modify the Protective Order for Confidential Information (Doc. 138).

Dated this 3rd day of June, 2014.

James A. Teilborg
Senior United States District Judge