**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

PCT International Incorporated,

Plaintiff,

v.

Holland Electronics LLC,

Defendant.

No. CV-12-01797-PHX-JAT

**ORDER**

## I.    Background

On the eve of the dispositive motion deadline, the parties filed a flurry of documents. Defendant Holland Electronics LLC ("Holland") moves for summary judgment on infringement, or alternatively partial summary judgment on damages, against Plaintiff PCT International Incorporated ("PCT"). (Doc. 175). Holland also seeks to preclude PCT from arguing any theory of indirect infringement against Holland. (*Id.* at 2). PCT moves to exclude Holland from relying upon the opinions of Holland's expert witnesses David A. Haas and Daniel J. Whittle. (Doc. 157; Doc. 169).

The parties seek to seal most of their filings relating to Holland's summary judgment motion and PCT's motions to exclude. Accordingly, for each document desired to be sealed, the filing party has filed a redacted version of the document, lodged the complete version under seal, and filed a motion to file under seal the lodged version. *See, e.g.*, (Doc. 156; Doc. 157; Doc. 158). In many cases, the opposing party does not contest the motion to file under seal. *See, e.g.*, (Doc. 182). These motions principally rely upon the parties' prior designations of documents as confidential pursuant to the Court's

Protective Order for Confidential Information ("Protective Order") (Doc. 53).

The Protective Order applies only to discovery, however, and states:

> Any Designated Material which becomes part of an official judicial proceeding or which is filed with the Court is public. Such Designated Material will be sealed by the Court only upon motion and in accordance with applicable law. *See Kamakana v. City and County of Honolulu*, **447 F.3d 1172, 1179-80 (9th Cir. 2006).** This Protective Order does not provide for the automatic sealing of such Designated Material.

(Doc. 53 at 6).

The Court now rules on the motions to file under seal.

## II.   Legal Standard

### A.   The Public's Right of Access

It has long been recognized that the public has a general right of access "to inspect and copy . . . judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). This right extends to all judicial records except those that have "traditionally been kept secret for important policy reasons," namely grand jury transcripts and certain warrant materials. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Id.* (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "[T]he strong presumption of access to judicial records applies fully to dispositive pleadings, including motions for summary judgment and related attachments," because "the resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the 'public's understanding of the judicial process and of significant public events.'" *Kamakana*, 447 F.3d at 1179 (quoting *Valley Broadcasting Co. v. U.S. Dist. Ct. for Dist. of Nev.*, 798 F.2d 1289, 1294 (9th Cir. 1986)).

"A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard." *Id.* at 1178 (citing *Foltz*, 331 F.3d at 1135). The party must "articulate compelling reasons supported by

specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Id.* at 1178-79 (internal quotation marks and citations omitted). A court deciding to seal judicial records must "base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* at 1179 (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)).

The presumption of public access is not rebutted merely because "documents subject to a protective order are filed under seal as attachments to a dispositive motion." *Foltz*, 331 F.3d at 1136. A party seeking to seal a judicial record must still meet its heavy burden of demonstrating compelling reasons exist for sealing. *See Kamakana*, 447 F.3d at 1179.

"In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* (quoting *Nixon*, 435 U.S. at 598). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

Accordingly, a party's allegations that material is "confidential" or "business information" are insufficient to justify sealing court records containing such material unless the party proves the existence of compelling reasons for sealing. *Krause v. Nev. Mut. Ins. Co.*, 2013 WL 3776146, at *5 (D. Nev. July 16, 2013) (citing *Kamakana*, 447 F.3d at 1179). Moreover, because "confidentiality alone does not transform business information into a trade secret," a party alleging trade secret protection as a basis for sealing court records must show that the business information is in fact a trade secret. *St. Clair v. Nellcor Puritan Bennett LLC*, 2011 WL 5335559, at *2 (D. Ariz. Nov. 7, 2011). Thus, only in extremely limited circumstances will confidential information actually merit the sealing of court records. *See Kamakana*, 447 F.3d at 1182 (finding that

1   conclusory statements about the content of documents did not provide "compelling

2   reasons sufficiently specific to bar the public access to the documents").

3   **III.   Analysis**

4       Because of the large number of motions to file under seal pending in this case, the

5   Court considers and rules upon each motion in the separately numbered sections that

6   follow.

7       **1.   Docs. 158, 158-1, 158-2**

8       PCT seeks to file under seal the document lodged at Doc. 158 (including all

9   attachments) because these documents contain or refer to "expert reports, documents and

10  transcripts that were designated as Confidential or Highly Confidential pursuant to the

11  Protective Order for Confidential Information." (Doc. 156 at 2). Holland does not oppose

12  this sealing, *see* (Doc. 182), but the Court finds that these reasons for sealing are

13  insufficient under *Kamakana*. PCT has not articulated compelling reasons supported by

14  specific factual findings that outweigh the public's right of access. Additionally, although

15  PCT asserts that Exhibit 9 to Doc. 158-1 contains information that "relate[s] to royalties

16  paid by Holland under a license agreement," (Doc. 156 at 2), information merely *relating*

17  to royalties is not sufficient to merit sealing on the present record. PCT offers no

18  evidence explaining the details of Exhibit 9, including whether this is royalty information

19  or merely information tangentially related to confidential royalty amounts. The Court will

20  deny the motion to file under seal at Doc. 156.

21      **2.   Docs. 184 and 185**

22      PCT seeks to file under seal the documents lodged at Doc. 184 and Doc. 185

23  (including all attachments) because these contain confidential information concerning

24  Holland that could be used to the advantage of Holland's competitors. (Doc. 183).

25  Holland agrees that some of these documents should be sealed. (Doc. 186). But nothing

26  in the Protective Order delegated to the parties the Court's independent duty to follow the

27  law in *Kamakana*. This formulaic recitation concerning the purported competitive

28  advantage of these documents is in the vein of a legal conclusion and is not specific facts

showing a compelling reason to seal. *See Kamakana*, 447 F.3d at 1184 ("Simply mentioning a general category of privilege, without any further elaboration or any specific linkage with the documents, does not satisfy the burden."). The Court will deny the motion to file under seal at Doc. 183.

### 3.    Doc. 193

PCT seeks to file under seal the documents lodged at Doc. 193 (including all attachments) because these documents refer to documents designated "as Confidential or Highly Confidential pursuant to the Protective Order." (Doc. 192 at 2). For the reasons stated above, the status of these documents under the Protective Order has no presumptive value at the summary judgment and trial stage and therefore this assertion is insufficient. The Court will deny the motion to file under seal at Doc. 192.

### 4.    Doc. 168

PCT seeks to file under seal the documents lodged at Doc. 168 (including all attachments) because these documents refer to documents designated "as Confidential or Highly Confidential pursuant to the Protective Order." (Doc. 165 at 2). For the reasons stated above, the status of these documents under the Protective Order has no presumptive value at the summary judgment and trial stage and therefore this assertion is insufficient. The Court will deny the motion to file under seal at Doc. 165.

### 5.    Doc. 196

PCT seeks to file under seal the document lodged at Doc. 196 because this document refers to documents designated "as Confidential or Highly Confidential pursuant to the Protective Order." (Doc. 195 at 2). For the reasons stated above, the status of these documents under the Protective Order has no presumptive value at the summary judgment and trial stage and therefore this assertion is insufficient. The Court will deny the motion to file under seal at Doc. 195.

### 6.    Doc. 171

Holland seeks to file under seal the document lodged at Doc. 171 because this document "contains confidential PCT and Holland technical and financial information,

and if public disclosed [sic], could be used to the advantage of Holland's and/or PCT's competitors." (Doc. 170 at 2). For the reasons stated with respect to Docs. 184 and 185, this formulaic and vague assertion is insufficient as a matter of law to justify sealing. The Court will deny the motion to file under seal at Doc. 170.

### 7. Docs. 161 and 162

Holland seeks to file under seal the documents lodged at Docs. 161 and 162 (including all attachments) because these documents contain documents designated as "Confidential" under the Protective Order and also contain "confidential internal business and financial information concerning Holland, and if publicly disclosed, could be used to the advantage of Holland's competitors." (Doc. 160 at 2-3). PCT has stipulated to file some of these documents under seal. (Doc. 163). For the reasons stated above, the status of these documents under the Protective Order has no presumptive value at the summary judgment and trial stage and Holland's vague assertions regarding confidentiality and competitive advantage are insufficient as a matter of law to justify sealing. The Court will deny the motion to file under seal at Doc. 160.

### 8. Doc. 166

Holland seeks to file under seal the document lodged at Doc. 166 because this document "contains confidential PCT and Holland technical and financial information, and if public [sic] disclosed, could be used to the advantage of Holland's and/or PCT's competitors." (Doc. 164 at 2). For the reasons stated above, these vague assertions are insufficient as a matter of law to justify sealing. The Court will deny the motion to file under seal at Doc. 164.

### 9. Docs. 201 and 202

PCT seeks to file under seal the documents lodged at Docs. 201 and 202 (including all attachments) because these documents refer to documents that were "designated as Confidential or Highly Confidential pursuant to the Protective Order." (Doc. 200 at 2). For some of the documents, PCT alleges that the documents "contain and reflect PCT's confidential and proprietary information, including the specific

measurements and internal designs of PCT's products. This information is information that, if publicly disclosed, could be used to the advantage of PCT's competitors." (*Id.* at 3). But PCT fails to articulate specific reasons showing how the information contained in these particular documents qualifies for trade secret protection. In particular, it appears unlikely that measurements can be a trade secret because *every* purchaser of PCT's products is given this information in the form of the physical product, which is measureable. Thus, on this record, PCT has failed to articulate reasons compelling sealing. The Court will deny the motion to file under seal at Doc. 200.

**10.   Doc. 210**

Holland seeks to file under seal the document lodged at Doc. 210 because it "contain(s) technical and financial information that Holland and/or PCT has designated as confidential under the applicable Protective Order, and that if publicly disclosed could be used detrimentally to Holland or PCT and/or to the advantage of Holland's or PCT's competitors." (Doc. 209 at 2). For the reasons stated above, these vague assertions regarding confidentiality and competitive advantage are insufficient as a matter of law to justify sealing. The Court will deny the motion to file under seal at Doc. 209.

**IV.   Dispositive Motions**

Because the Court must deny the parties' motions to file under seal, the Court cannot at this time rule on the merits of the underlying motions. Presumably the parties have attached to their pleadings only those documents necessary to decide the particular motion at issue, and therefore the Court should not automatically exclude those documents by considering the redacted versions of the motions. Accordingly, the Court will permit the parties to redo their motions and supporting filings so that they have an opportunity to present the necessary evidence.

Unfortunately, in the first attempt at summary judgment, the parties failed to comply with the applicable Ninth Circuit case law regarding sealing of dispositive motions. The Protective Order cited *Kamakana* and warned that the Court would seal documents only "in accordance with applicable law." (Doc. 53 at 6). Because the Court

1    has an independent duty to follow the binding law of the Ninth Circuit Court of Appeals,

2    the Court cannot and will not permit sealed documents absent the requisite showing of

3    compelling reasons.[1] The Court is prepared to make the parties redo summary judgment

4    briefing until for every document sought to be sealed, either (1) the party requesting

5    sealing has articulated compelling reasons supported by specific factual findings that

6    outweigh the public's right of access; (2) the party requesting sealing is willing to file the

7    document without sealing; or (3) the party requesting sealing will not use the document in

8    support of its filing.

9        The Court will set two deadlines: one for filing motions to file under seal and a

10   later deadline for dispositive motions. There are three motions in this case that are at

11   issue at the dispositive motion deadline: (1) PCT's motion to exclude the expert opinion

12   of David A. Haas; (2) PCT's motion to exclude the expert opinion of Daniel J. Whittle;

13   and (3) Holland's motion for summary judgment (and alternatively, for partial summary

14   judgment and to preclude any theory of indirect infringement for lack of disclosure). The

15   Court refers to these three motions collectively as the "Underlying Motions."

16       Within fourteen days from the date of this Order, each party must file a Motion to

17   File under Seal that identifies every document that the party will use in support of its

18   filings concerning the Underlying Motions ("filings" includes motions, responses, replies,

19   statements of fact, exhibits, and so forth) and that the party desires to be filed under seal.

20   For each such document desired to be filed under seal, the Motion to File under Seal shall

21   specify with particularity the compelling reasons why such document should be sealed.[2]

22   The other party may, but is not required to, file a response to the Motion to File under

23   Seal in which it may argue why such documents should not be sealed. No replies will be

24   _____

25       [1] The Court notes that because PCT's motions to exclude evidence are for the
     purpose of excluding this evidence from summary judgment and trial, these motions fall

26   into the category of dispositive motions under which the compelling reasons standard is
     appropriate.

27       [2] To the extent that a party seeks to use a document, sealed or unsealed, that the
     other party has designated as "Confidential" or "Outside Attorneys' Eyes Only" under the

28   Protective Order, nothing in this Order relieves the parties of their responsibilities under
     the Protective Order.

1   permitted. Each party is permitted only one Motion to File under Seal.[3]

2          The Court will rule on the two motions, and for each document sought to be filed

3   under seal, will determine whether sealing is justified. If the Court declines to permit a

4   document to be filed under seal, the party seeking to use the document must either (1) not

5   use the document in support of its filings or (2) file the document not under seal.[4] If the

6   Court permits a document to be filed under seal, the party seeking to seal the document

7   may file it under seal at the appropriate time in the course of briefing the Underlying

8   Motions.

9          At the time that the Court rules on the motions to file under seal, the Court will set

10  a briefing schedule for the parties' new versions of the Underlying Motions.

11  **V.     Conclusion**

12         For the foregoing reasons,

13         **IT IS ORDERED** denying Docs. 156, 183, 192, 165, 195, 170, 160, 164, 200, and

14  209.

15         **IT IS FURTHER ORDERED** striking Docs. 158, 184, 185, 193, 168, 196, 171,

16  161, 162, 166, 201, 202, 191, and 210. These documents shall remain under seal.

17         **IT IS FURTHER ORDERED** denying without prejudice and striking Docs. 157,

18  169, and 175.

19         **IT IS FURTHER ORDERED** striking Docs. 159, 167, 172, 173, 174, 176, 187,

20  188, 189, 190, 194, 197, 203, 204, 207, 208, and 211.

21         **IT IS FURTHER ORDERED** denying Docs. 163, 182, 186, 206, but the

22  documents to which these documents refer shall remain under seal as indicated above.

23         **IT IS FURTHER ORDERED** that the parties shall comply with the Court's

24  _____

25         [3] The Court notes that to the extent the parties can agree upon some of the facts
    necessary to decide summary judgment, the parties can stipulate to those facts and avoid
26  the need to present the underlying documents. *See* LRCiv 56.1(c). This could reduce the
    number of documents the parties desire to file under seal.
27
           [4] Additionally, if the parties believe that a document should be sealed solely
28  because a non-relevant portion of that document contains confidential information, the
    parties should consider stipulating to the admissibility of redacted versions.

1  procedure as set forth in this Order concerning the filing of motions to file under seal.

2  The parties shall file their respective motions to file under seal within fourteen days from

3  the date of this Order, with any responses due within the time period prescribed by Local

4  Rule 7.2(c).

5        Dated this 23rd day of September, 2014.

6

7

8

9  _____
                    James A. Teilborg
10              Senior United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28