**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| PCT International Incorporated,<br><br>            Plaintiff,<br><br>v.<br><br>Holland Electronics LLC,<br><br>            Defendant. | No. CV-12-01797-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Defendant Holland Electronics, LLC's ("Holland") Application for Attorneys' Fees Re: Sanctions Awarded in Conjunction with Defendant's Motion to Quash Plaintiff's Trial Subpoenas ("Application"). (Doc. 356). The Court now rules on the Application.

**I.   Background**

On April 13, 2015, Plaintiff PCT International, Inc. ("PCT") issued and subsequently served subpoenas on various witnesses residing outside of Arizona. (Doc. 328 at 1–2). Holland filed a motion to quash, arguing that the subpoenas were invalid because the witnesses did not reside in Arizona and were located over 100 miles from the Court. (*Id.* at 2–4). Additionally, Holland requested that the Court sanction PCT pursuant to Federal Rule of Civil Procedure ("Rule") 45(d)(1). (*Id.* at 3).

On April 27, 2015, the Court considered whether it would quash the subpoenas and impose sanctions on PCT. (Tr. 4/27/15 at 37–38). At this hearing, PCT argued that it had served the subpoenas because Holland would not reveal whether the "witnesses were

1 unavailable." (*Id.*) Additionally, PCT claimed that it did not withdraw the subpoenas,
2 even after it was aware of the unavailability of the witnesses, because Holland did not
3 "provide . . . [PCT] with some authority that . . . [PCT] had an obligation to withdraw
4 them." (*Id.* at 39).

The Court quashed the subpoenas and imposed sanctions on PCT in accordance with Rule 45. (*Id.* at 44–45). The sanctions were to "take the form of an application for attorney's fees by . . . [Holland], all in accordance with the local rule." (*Id.*) The Court stated that it would:

> grant reasonable attorney's fees for that which . . . [Holland has] had to expend to basically seek to get these subpoenas quashed upon notifying . . . [PCT] that the witnesses were neither residing in, employed in or regularly transacting business in the state of Arizona or within 100 miles of the court.

(*Id.*)

Holland seeks $18,992.00 in attorneys' fees. (Doc. 402 at 3). PCT objects to the fees listed for preparing the fee application and for having multiple attorneys prepare and attend the April 27 hearing. (Doc. 397 at 2). Additionally, PCT argues that Holland is only entitled to the fees incurred after Holland affirmed that the witnesses were unavailable. (*Id.* at 4 n.1). PCT has not had an opportunity to object to Holland's request for fees associated with producing Defendant's Reply in Support of Application for Attorneys' Fees Re: Sanctions Awarded in Conjunction with Defendant's Motion to Quash Plaintiff's Trial Subpoenas ("Reply"). (Doc. 402).

**II.   Legal Standard**

Attorneys, as officers of the court, have the capacity to issue subpoenas. Fed. R. Civ. P. 45 advisory committee's note to 1991 amendment. Accordingly, attorneys are liable and responsible for "misuse of this power." *Id.* To regulate attorneys' subpoena power, the Court can award "reasonable attorney's fees" where a party fails to "avoid imposing undue burden or expense on" a subpoenaed individual. Fed. R. Civ. P. 45(d)(1).

### III. Analysis

#### A. Preparing the Fee Application and the Reply

PCT objects to Holland's request for $4,632.50 for preparing the Application. (Doc. 397 at 2–3). PCT argues that Holland improperly relies upon *Anderson v. Director, Office of Workers Compensation Programs* to justify its entitlement to fees for preparing its Application. (*Id.* at 3) (citing *Anderson v. Dir., Office of Workers Comp. Programs*, 91 F.3d 1322, 1325 (9th Cir. 1996)). PCT claims that this Court has held that *Anderson* is limited to cases involving fee applications under 42 U.S.C. § 1988. (*Id.*) (citing *R. Prasad Indus. v. Flat Irons Envtl. Sols. Corp.*, No. CV–12–8261–PCT–JAT, 2014 WL 4722487, at *8 (D. Ariz. Sept. 23, 2014)).

Holland counters that although *Prasad* did hold that *Anderson* is specific to fee applications under § 1988, it did not hold that "fees incurred in preparing a fee application are *only* recoverable in § 1988 actions." (Doc. 402 at 1). Additionally, Holland claims that this Court, in *Cooke v. Town of Colorado City*, "cited § 1988 precedent as supporting an award of fees incurred to prepare a fee application in a case *not* involving § 1988." (*Id.*) (citing *Cooke v. Town of Colo. City*, No. CV–10–8105–PCT–JAT, 2015 WL 1806751, at *6 (D. Ariz. Apr. 21, 2015)).

Finally, Holland argues that *Prasad* did not address Rule 45, "which provides that the Court must 'impose an appropriate sanction . . . which may include . . . reasonable attorney's fees.'" (*Id.*) (quoting Fed. R. Civ. P. 45(d)(1)). Holland notes that it could not find specific case law supporting the proposition that a party is entitled to fees for preparing a fee application after a Rule 45 violation. (*Id.*) However, Holland claims that the Court can infer that allowing attorneys' fees in this situation is appropriate because courts have granted such fees for violations of other Federal Rules of Civil Procedure. (*Id.* at 1–2).

First, Holland's reliance on *Cooke* is misplaced. Although *Cooke* was not a § 1988 case, it involved a claim under the Arizona Fair Housing Act. *Cooke*, 2015 WL 1806751 at *1. "Congress' purpose in authorizing fee awards [under § 1988] was to encourage

1  compliance with and enforcement of the civil rights laws." *Dennis v. Chang*, 611 F.2d
2  1302, 1306 (9th Cir. 1980). This policy is furthered by allowing an award of attorneys'
3  fees in an Arizona Fair Housing Act case. The same cannot be said for awarding such
4  fees in the present patent case.

5  Second, the Court ordered that it would "grant reasonable attorney's fees for that
6  which . . . [Holland has] . . . had to expend to basically seek to get these subpoenas
7  quashed." (Tr. 4/27/15 at 44–45). The language in the Court's Order was restrictive, and
8  designated as compensable only the specific tasks necessary to "get the[] subpoenas
9  quashed." (*Id.*) None of Holland's cited cases indicate that there was such restrictive
10 language used when sanctions were imposed. In fact, *Nelson* expressly awarded all
11 "reasonable expenses, including attorneys' fees, associated with the filing of . . . [the
12 motion for attorneys' fees] and reply." *Nelson v. Millennium Labs., Inc.*, No.
13 CV–12–1301–PHX–SLG, 2014 WL 1496623, at *4 (D. Ariz. Apr. 15, 2014). Unlike
14 *Nelson*, this Court did not expressly award fees for preparing the Application and the
15 Reply. Therefore, such fees will not be awarded.

### B.  Preparing for and Attending the Hearing

17 PCT claims that it is unreasonable for three attorneys to bill for preparing for and
18 attending the same hearing. (Doc. 397 at 3). The alleged redundancy comprises three
19 entries in Holland's itemized statement of attorneys' fees. (*Id.*) On April 27: (1) Mr.
20 Leach billed 0.40 hours ($262.00) to "[a]ttend hearing on motion to quash subpoenas and
21 request for sanctions; argue motion to quash and motion for sanctions"; (2) Mr. Shaw
22 billed 0.40 hours ($236.00) to "[p]repare for and attend pretrial conference and hearing re
23 motion to quash trial subpoenas"; and (3) Mr. Parseghian billed 0.40 hours ($134.00) to
24 "[p]repare for, travel to, and attend hearing regarding objections to evidence, witnesses,
25 and other outstanding issues." (*Id.*)

26 The Court should not award fees for work performed that was "unnecessarily
27 duplicative." *See Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008).
28 However, attorneys can "attend hearing[s] without participating" and work "on the same

- 4 -

1  issues" without such work being unnecessarily duplicative. *Cooke v. Town of Colo. City*,
2  No. CV–10–08105–PCT–JAT, 2015 WL 1806751, at *6 (D. Ariz. Apr. 21, 2015). This
3  work may have required all three Snell & Wilmer ("Snell") attorneys to work together to
4  effectively represent their client. Accordingly, Holland's counsel did not engage in work
5  that was unnecessarily duplicative in having three attorneys prepare for and attend the
6  hearing.

7  Additionally, the remaining billing—which was not objected to—describes with
8  sufficient particularity the tasks performed, and does not engage in block billing by
9  grouping unrelated tasks. *Moshir v. Automobili Lamborghini Am. LLC*, 927 F. Supp. 2d
10 789, 799 (D. Ariz. 2013). This billing was not duplicative and did not involve charging
11 for an unreasonable amount of time given the tasks performed. (Doc. 356 Ex. D).
12 Therefore, the fees accrued by Holland's counsel are reasonable in terms of the time and
13 labor expended.

### C. Witness Unavailability

15 PCT contends that Holland should only recover those attorneys' fees incurred after
16 April 17, 2015—the date on which Holland agreed that the witnesses were unavailable
17 under Rule 32(a)(4)(B). (Doc. 397 at 4 n.1). PCT argues that it "initially had no choice
18 but to serve the subpoenas at issue due to Holland's insistence on reserving its rights to
19 object to the playing of any deposition testimony at trial because it had not been proven
20 that the witnesses were 'unavailable.'" (*Id.*) Both Holland and PCT agree that Holland
21 did not affirmatively agree that the "witnesses were unavailable" until April 17. (*Id.*; Doc.
22 356 at 2 n.3).

23 Rule 32 allows a party to use the deposition of a witness at trial if, among other
24 requirements, "the court finds . . . that a witness is more than 100 miles from the place of
25 hearing or trial." Fed. R. Civ. P. 32(a)(4)(B).

26 Because there was no agreement between the parties that the witnesses were
27 unavailable for the purpose of Rule 32 until April 17, PCT was justified in its uncertainty
28 regarding whether the witnesses were within the Court's subpoena power. Rule 32

provides that unavailability is not officially determined until the Court rules on the matter. Fed. R. Civ. P. 32(a)(1)(4). Therefore, until Holland affirmatively agreed that the witnesses were unavailable, it still could have argued that the witnesses were available despite its correspondences with PCT indicating that the witnesses were outside of the Court's subpoena power. As such, the Court finds that PCT's position prior to April 17 was reasonable, and thus not subject to sanctions. As a result, $1,672.00 should be subtracted from Holland's fees.[1]

**D.     Summary of Fees**

Because the Court permitted Holland to recover only those attorneys' fees incurred in getting the subpoenas quashed, (Tr. 4/27/15 at 44–45), Holland is not entitled to the $10,856.50 it requests for preparing its Application and Reply. Additionally, Holland is not entitled to the $1,672.00 of fees it incurred before it affirmatively told PCT that the witnesses would be unavailable.

On the other hand—because the time and labor expended were reasonable, significant knowledge and skill were required, the fee charged was customary, and the Snell attorneys have significant experience, reputation, and ability—the remaining fees incurred of $6,463.50 are reasonable. Therefore, Holland is entitled to $6,463.50 in attorneys' fees from PCT.

**IV.    Conclusion**

Accordingly,

/

/

/

/

/

---

[1] It is not clear from Holland's itemized statement of attorneys' fees at what point on April 17 Holland affirmatively told PCT that the witnesses were unavailable. (Doc. 356 Ex. D). Therefore, given the ambiguity, the Court errs on the side of caution and abstains from awarding fees for work performed on April 17.

**IT IS ORDERED** that Defendant's Application for Attorneys' Fees Re: Sanctions Awarded in Conjunction with Defendant's Motion to Quash Plaintiff's Trial Subpoenas (Doc. 356) is granted in part and denied in part.

**IT IS FURTHER ORDERED** awarding Holland Electronics, LLC $6,463.50 in attorneys' fees.

Dated this 21st day of July, 2015.

James A. Teilborg
Senior United States District Judge