**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| PCT International Incorporated,<br><br>                    Plaintiff,<br><br>v.<br><br>Holland Electronics LLC,<br><br>                    Defendant. | No. CV-12-01797-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Plaintiff PCT International, Inc. ("PCT")'s motion for supplemental damages. (Doc. 449). The Court now rules on the motion.

### I.    Background

On September 8, 2015, the Court entered judgment in favor of PCT and against Holland Electronics LLC ("Holland") in the amount of $576,027.53. (Doc. 433 at 1). On this same date, the Court also granted PCT's motion for an accounting of Holland's sales of infringing products from February 26, 2015 (the day following the last day for which evidence of Holland's sales was submitted to the jury), through September 8, 2015. (Doc. 432 at 34–35). On September 21, 2015, Holland appealed "from the judgment, order, and other relief entered on September 8, 2015, including the underlying claim construction and other rulings by the district court." (Doc. 434 at 1). On October 21, 2015, the parties stipulated that "the Court's judgment should be amended to reflect an additional damage award of $32,561.94." (Doc. 446). The Court, noting that an appeal

generally divests a trial court of jurisdiction, ordered briefing on the issue of whether it retained subject matter jurisdiction. (Doc. 448). In light of the Court's order, the parties contest whether the Court may award supplemental damages (Docs. 449; 453). The amount of damages is not at issue. *See* (Doc. 449 at 3). Having briefly reviewed the procedural background since judgment, the Court now turns to the pending motion.

## II. Discussion

As noted *supra*, at issue is whether the Court has subject matter jurisdiction to award PCT supplemental damages following an appeal of the initial judgment. Holland argues that PCT should have filed a timely motion under one of the applicable Federal Rules of Civil Procedure[1] which, pursuant to Federal Rule of Appellate Procedure 4, will deactivate a circuit court's jurisdiction following an appeal. (Doc. 453 at 2). PCT principally argues that Fed. R. Civ. P. 62 and Title 28 U.S.C. § 1292(c)(2) (2012) allow the Court to enter supplemental judgment in the amount agreed to by the parties' stipulated accounting. (Doc. 454 at 2).

Having reviewed the parties' arguments, the Court finds that the applicable legal authority here is Rule 62 and 28 U.S.C. § 1292(c)(2).[2] The plain language of Rule 62 states:

> Except as stated in this rule, no execution may issue on a judgment, nor may proceedings be taken to enforce it, until 14 days have passed after its entry. But unless the court orders otherwise, the following are not stayed after being entered, even if an appeal is taken: . . . a judgment or order that

---

[1] Holland argues that per Fed. R. App. P. 4, PCT must seek to amend the judgment through Fed. R. Civ. P. 52(b) or Fed. R. Civ. P. 59. There is no dispute that PCT did not file a motion to amend the judgment under either of these provisions.

[2] Holland argues that "no party has contended that the Court's order directing an accounting was stayed" and that "[i]t is not evident how Rule 62(a)(2) authorizes or supports entry of a 'supplemental judgment.'" (Doc. 453 at 3). The Court acknowledges that neither has the Court ordered a stay nor have the parties explicitly filed a motion to stay. But Rule 62 applies here because the motion for supplemental damages arises from the order of an accounting for infringement damages. Furthermore, in line with the policy considerations underlying § 1292(c)(2), the amount of damages has already been calculated, rendering the award of supplemental damages analogous to an accounting. The policy considerations underlying § 1292(c)(2) will be fully discussed *infra*.

directs an accounting in an action for patent infringement.

Fed. R. Civ. P. 62(a)(2). Although an appeal is generally an event of jurisdictional significance that divests the district court of jurisdiction and confers it upon the court of appeals, *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982), Rule 62(a)(2) expressly states that "a judgment or order that directs an accounting in an action for patent infringement" is not stayed. Importantly, an "accounting" includes the determination of damages flowing from the patent infringement that was not included within the initial judgment. *Robert Bosch, LLC v. Pylon Mfg. Corp.*, 719 F.3d 1305, 1312–13 (Fed. Cir. 2013). The Ninth Circuit's ruling in *Icyclair, Inc., v. Dist. Court of U.S. for S. Dist. of California, Cent. Div.*, 93 F.2d 625, 626 (9th Cir. 1937), demonstrates that an appeal does not divest a district court of jurisdiction to proceed with an accounting. In *Icyclair, Inc.*, the district court found the defendant had infringed upon the plaintiff's patents and referred the case to a special master for the purpose of determining damages and taking an accounting. 93 F.2d at 626. The defendants subsequently appealed the decree, which was final except for an accounting. *Id.* Post-appeal, the district court entered a second decree on the accounting. *Id.* The Ninth Circuit considered the predecessor statute to Rule 62(a)(2) and held that "the pendency of an appeal from the first decree constituted no impediment to the entry of the second decree." *Id.* Indeed, courts in this Circuit have noted that under Rule 62(a)(2), a stay of the damages phase of a patent trial is the exception rather than the rule. *R.E. Serv. Co. v. Johnson & Johnston Associates, Inc.*, 1995 WL 138545, at *3 (N.D. Cal. Mar. 27, 1995).[3]

The Court also finds that *Elkay Mfg. Co. v. Ebco Mfg. Co*, 192 F.3d 973, 975 (Fed.

---

[3] *R.E. Serv. Co.* applied a "'competing interest'" test to weigh whether a district court should exercise its discretion to stay an accounting following an appeal. 1995 WL 138545, at *3 (quoting *Filtrol Corp. v. Kelleher*, 467 F.2d 242, 245 (9th Cir. 1972)). The test includes weighing such factors as possible damage that may result from granting a stay, hardship or inequity that parties may suffer as a result of taking an accounting, and judicial expediency. *Id.* Here, Holland has failed to demonstrate any detriment it would incur as a result of the Court entering supplemental damages. Moreover, the factor of judicial expediency also weighs in favor of entering the accounting, or supplemental damages. Thus, even under the "competing interest" test, the Court's conclusion would not change.

Cir. 1999) supports the conclusion that the Court retains jurisdiction to enter supplemental damages post-appeal. In *Elkay*, the court ordered the plaintiff to file petitions for infringement damages for the time period beginning on the day following the last date included in the initial judgment award and ending the day prior to the court-imposed permanent injunction. *Elkay Mfg.*, No. 1:93-cv-05106 (N.D. Ill. July 10, 1998) at Docs. 209; 224. Notably, the court-imposed permanent injunction to prevent further patent infringement did not become effective until approximately three weeks after the initial judgment. *Id.* at Doc. 209. Plaintiff, complying with the court's orders, filed two motions pursuant to Rule 59(e): one motion for pre-verdict supplemental damages, *id.* at Doc. 211, and another motion for post-verdict supplemental damages (including the time period between entry of initial judgment until effect of the permanent injunction), *id.* at Doc. 242. Prior to the court awarding supplemental damages, the defendant appealed. *Id.* at Doc. 245. Nonetheless, the court granted both motions and awarded supplemental damages to Plaintiff, including post-verdict infringement damages. *Id.* at Docs. 266; 267.

Holland attempts to distinguish *Elkay* in that it involved post-verdict damages whereas, here, pre-verdict damages are at issue. (Doc. 453 at 4). But as the Court has previously stated: "the Court cannot discern a principled distinction . . . between an accounting of pre-verdict damages and post-verdict damages." (Doc. 432 at 34); *see also Hynix Semiconductor Inc. v. Rambus Inc.*, 609 F. Supp. 2d 951, 965 (N.D. Cal. 2009) (finding an "absence of any meaningful distinction between pre-verdict and post-verdict infringement" damages). Thus, Holland's stand-alone argument that the pre-verdict damages at issue here differ from the post-verdict damages in *Elkay* lacks support to substantiate a meaningful distinction. Furthermore, the sole reason that *Elkay* involved post-verdict damages was due to the fact that the court did not order the permanent injunction to become effective until approximately three weeks after entry of the initial judgment whereas in the instant case the Court ordered the permanent injunction effective the same date as the initial judgment.

Holland further attempts to distinguish *Elkay* by emphasizing that the plaintiff in

that case timely filed a Fed. R. of Civ. P. 59(e) motion to amend the judgment. *Elkay Mfg.*, No. 1:93-cv-05106 (N.D. Ill. July 10, 1998) at Doc. 211. Here, the motion for supplemental damages was previously recognized by the Court as the Stipulated Accounting and Supplemental Damages that arose from the Court's ruling that PCT was entitled to such an accounting.[4] (Doc. 424 at 31–35). But—as in *Elkay*—the Court seeks to supplement the initial damage award under Rule 62. Therefore, the Court does not find Holland's distinction of *Elkay* persuasive.

Holland next argues that the language of § 1292 of the United States Code[5] suggests the Court does not retain jurisdiction to proceed with an award of supplemental damages post-appeal. But the Federal Circuit Court makes plain that a district court has discretion to proceed with a determination of damages and has "repeatedly denied" motions to stay damages trials during appeals in patent cases. *In re Calmar*, 854 F.2d 461, 464 (Fed. Cir. 1988); *Furminator, Inc. v. Kim Laube & Co., Inc.*, 410 Fed. Appx. 341 (Fed. Cir. 2011). Indeed, the Federal Circuit Court has explained that the purpose of § 1292(c)(2) is to "*permit* a stay of a damages trial"[6]—only to conserve the time and

---

[4] Holland argues that, unlike the plaintiff in *Elkay*, PCT did not file a Rule 59 motion to amend the judgment and is therefore precluded from receiving a supplemental damage award. (Doc. 453 at 2). However, Holland's argument does not aptly consider that PCT, prior to judgment, filed a timely motion requesting an accounting of "supplemental damages," (Doc. 405 at 7), and that the Court ruled on the same date as entry of judgment that PCT is entitled to the accounting of supplemental damages, (Doc. 432 at 34–35). Thus, another motion to amend the judgment was not necessary in the instant matter given the Court's jurisdiction under Rule 62 and the policy justifications for 28 U.S.C. § 1292(c)(2).

[5] "The United States Court of Appeals for the Federal Circuit shall have exclusive jurisdiction— . . . of an appeal from a judgment in a civil action for patent infringement which would otherwise be appealable to the United States Court of Appeals for the Federal Circuit and is final except for an accounting." 28 U.S.C. § 1292(c)(2).

[6] Holland argues there is a distinction between proceeding with a damages trial following an interlocutory appeal and the issue here of proceeding with an accounting following appeal from a judgment. (Doc. 453 at 3 (citing *Furminator*, 410 Fed Appx. at 340)). In *Furminator*, the court bifurcated infringement and damages and the defendant filed an interlocutory appeal following a finding of infringement before the damages trial. 410 Fed. Appx. at 341. The Court acknowledges the distinction, but because more resources would be expended in conducting a damages trial than here where infringement damages have already been calculated in the accounting, the policy justifications for § 1292 weigh even more so in favor of entering supplemental damages. Thus, the differences between *Furminator* and this case neither support rejecting the reasoning

- 5 -

resources required for a determination of infringement damages following an initial judgment until after the appeal. *In re Calmar*, 854 F.2d at 464 (emphasis in original); *see also McCullough v. Kammerer Corp.*, 331 U.S. 96, 98–99 (1947) (finding that the purpose of § 1292(c)(2) is to conserve resources and to ensure that parties can appeal decisions in patent equity infringement suits without being compelled to await a final accounting). Here, as the record makes clear, the parties have already expended the requisite time and energy to calculate supplemental infringement damages. Furthermore, Holland has not pointed to any authority showing that § 1292(c)(2) conflicts with Rule 62(a). Consequently, the Court finds no conflict between § 1292(c)(2) and Rule 62(a), and § 1292(c)(2) does not support a discretionary stay here where conservation of resources is not a relevant concern.[7]

In sum, Rule 62(a)(2) governs the matter of the Court's jurisdiction and allows the Court to award supplemental damages post-appeal. Holland concedes that "the amount listed in the parties' stipulation is correct." (Doc. 449 at 3). The underlying policy justifications of 28 U.S.C. § 1292 (c)(2) support entering supplemental judgment, and the Court will avoid expending unnecessary duplicative energy and resources and having to revisit the supplemental damages issue again in the future. Finally, Holland will not be harmed by the decision as it may appeal the award of supplemental damages. *See Elkay*, 192 F.3d at 975.

For the aforementioned reasons, the Court concludes that it has jurisdiction to enter supplemental damages.[8] Pursuant to the parties' stipulation, (Doc. 446 at 2), the

---

underlying 28 U.S.C. § 1292(c)(2), nor convinces the Court that it does not have jurisdiction to proceed with an accounting, or an award of supplemental damages.

[7] There is authority suggesting that an accounting generally should be stayed once an appeal is filed for reasons of conserving the parties' and the courts' time and resources. Wright et al., Patent Infringement Decrees, 16 Fed. Prac. & Proc. Juris. § 3928 (3d ed. 2015). But, as the Court previously stated, the policy concerns are not present in the instant matter.

[8] The Court need not address PCT's secondary argument—that Holland's appeal was premature, (Doc. 454 at 2)—as the Court concludes that it has subject matter jurisdiction to award PCT supplemental damages.

1  Court hereby awards $32,561.94 in supplemental damages. The supplemental damages
2  award is in addition to the initial damages award of $576,027.53. (Doc. 433 at 1).

### III.   Conclusion

Based on the foregoing,

**IT IS ORDERED** that PCT's motion for $32,561.94 in supplemental damages, (Doc. 449), is **GRANTED**; and the Clerk of Court shall issue judgment in this amount in favor of Plaintiff and against Defendant. (This is a supplemental judgment and does not amend or in any way impact the original judgment).

Dated this 30th day of March, 2016.

James A. Teilborg
Senior United States District Judge