**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| PCT International Incorporated,<br><br>    Plaintiff,<br><br>v.<br><br>Holland Electronics LLC,<br><br>    Defendant. | No. CV-12-01797-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Plaintiff PCT International, Inc. ("PCT")'s motion for review of judgment on taxation of costs. (Doc. 447). The Court now rules on the motion.

**I.   Background**

On September 8, 2015, the Court entered judgment in favor of PCT and against Holland Electronics LLC ("Holland") in the amount of $576,027.53. (Doc. 433). Plaintiff filed a bill of costs with the Court on September 22, 2015, for $148,753.74. (Doc. 436). Then on October 16, 2015, the Clerk of Court entered judgment on taxation of costs to Plaintiff and against Defendant in the amount of $20,188.23. (Doc. 445). Subsequently, on October 23, 2015, Plaintiff moved the Court for an additional $111,152.19 in taxable costs pursuant to Federal Rule of Civil Procedure ("Rule") 54(d) and Local Rule of Civil Procedure for the District of Arizona ("Local Rule") 54.1(e). (Doc. 447). Defendant responded on November 9, 2015, contesting all taxable costs Plaintiff moved for, except the requested $524.10 Plaintiff paid to third-party record custodians. (Doc. 450). Having

briefly summarized the relevant procedural background, the Court now turns to the pending motion.

## II.     Legal Standard

Title 28, Section 1920 of the United States Code authorizes a judge or clerk of the district court to tax several classes of enumerated costs. 28 U.S.C. § 1920 (2008). Pursuant to Rule 54(d)(1), authorized costs should be allowed to the prevailing party unless a court, federal statute, or federal rules otherwise direct. Fed. R. Civ. P. 54(d)(1) (2009). Upon motion for review of a clerk's taxation of costs, a district court reviews *de novo* the clerk's judgment. *United States ex rel. Lindenthal v. General Dynamics Corp.*, 61 F.3d 1402, 1412 n.13 (9th Cir. 1995). Furthermore, "[t]he general rule on the taxation of costs is that the district court has discretion to fix the costs." *Johnson v. Pac. Lighting Land Co.*, 878 F.2d 297, 298 (9th Cir.1989) (citing *Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 233 (1964)). However, "such court discretion does not include the authority to tax costs beyond those authorized by statute." *Johnson.*, 878 F.2d at 298 (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441–43 (1986)).

The Court's taxation of costs must also comport with the Local Rules. Importantly, Local Rule 54.1(e) specifies the items that the prevailing party may receive as taxable costs. LRCiv 54.1(e) (2015). Moreover, local rules "have the 'force of law' and are binding upon the parties and upon the court, and a departure from local rules that affects 'substantial rights' requires reversal." *Prof'l Programs Group v. Dep't of Commerce*, 29 F.3d 1349, 1353 (9th Cir. 1994) (quoting *Martel v. Cnty. of Los Angeles*, 34 F.3d 731, 737 (9th Cir.1994)). Namely, a departure from a court's local rules is "justified only if the effect is so slight and unimportant that the sensible treatment is to overlook [it]." *Prof'l Programs*, 29 F.3d at 1353 (citing *Allen v. U. S. Fid. & Guar. Co.*, 342 F.2d 951, 954 (9th Cir. 1965).

## III.    Analysis

The Court will proceed to analyze whether each of the costs that Plaintiff requests are properly taxable under the authority binding upon this Court.

### A.   Fees for Exemplification and Copying

Plaintiff moves the Court to award it $108,547.74 in taxable costs for exemplification and copying. (Doc. 447 at 2–4). PCT argues that this amount equates to the reasonable cost of document copies ordered to be produced in discovery, which "were necessarily obtained for use in the case." (Doc. 447 at 2 (quoting 28 U.S.C. § 1920)). Holland argues that Local Rule 54.1(e) narrows the permissible costs that may be taxed under 28 U.S.C. § 1920 and that PCT has not established that the said document copies fall within the scope of Local Rule 54.1(e).

The Court finds that Plaintiff's request for $108,547.74 in taxable costs for exemplification and copying is not authorized by Local Rule 54.1(e). The language of the Local Rule explicitly outlines two categories of copying costs that are authorized: "the reasonable costs of copies of papers necessarily obtained from third-party records custodians" and "the reasonable cost of documentary exhibits admitted into evidence at hearing or trial." LRCiv 54.1(e)(5). Importantly, the language explicitly states, "[a]ll other copy costs are not taxable except by prior order of the Court." *Id.*

The precedent that Plaintiff relies upon in its argument to receive said copying fees as taxable costs is distinguishable in that the cited cases do not apply Local Rule 54.1 because of a variance in jurisdiction. For example, Plaintiff cites numerous cases from the Northern District of California to support its contention for these costs but the local rules that govern that jurisdiction are much broader than Local Rule 54.1, which is at issue here. *Compare U.S. Ethernet Innovations, LLC v. Acer, Inc.*, No. 4:10-cv-03724-CW, 2015 U.S. Dist. LEXIS 118807, at *27 (N.D. Cal. Sept. 4, 2015) (abiding by the Local Rules of Civil Procedure for the Northern District of California that permit courts to tax "[t]he cost of reproducing disclosure or formal discovery documents when used for *any* purpose in the case") (emphasis added) (quoting Civil L.R. 54-3(d)(2)), *and Parrish v. Manatt, Phelps & Phillips, LLP*, No. C 10-03200 WHA, 2011 U.S. Dist. LEXIS

41021, at *6–7 (N.D. Cal. Apr. 11, 2011) (finding that taxable copying costs under Civil L.R. 54-3(d)(2) include the costs of collecting the documents to be copied, reviewing them, and determining which of them are relevant), *with Foraker v. Apollo Group, Inc.*, No. CV-04-2614-PHX-DGC, 2007 WL 2301269, at *1 (D. Ariz. Aug. 9, 2007) (disallowing copying costs under Local Rule 54.1(e) because the requesting party failed to specify which of the copies were for documents admitted in evidence or to address why the asserted copying cost per page was reasonable). Thus, because the Northern District of California has more permissive local rules regarding copying costs than the District of Arizona, the cases that Plaintiff cites from the former jurisdiction do not support taxing said copying costs in the instant matter.

Moreover, the central authority Plaintiff relies upon in its argument for copying costs, *Doe v. Cargol*, No. CV 03-248-PHX-SMM, 2006 U.S. Dist. LEXIS 90162 (D. Ariz. Dec. 11, 2006), is distinguishable because in that case the plaintiff claimed a civil rights violation, which resulted in a modification of the applicable legal standard. *See* 42 U.S.C. § 1988 (2000). The Ninth Circuit has held that expenses awarded specifically in civil rights proceedings under Title 42, Section 1988 of the United States Code may exceed normal taxable costs and are recoverable if reasonable. *Harris v. Marhoefer*, 24 F.3d 16, 20 (9th Cir. 1994) (noting that pursuant to 42 U.S.C. § 1988, the prevailing plaintiff received taxable costs for necessary and reasonable expenses including "copying costs, hotel bills, meals, messenger service, and employment record reproduction"). Thus, successful civil rights plaintiffs, pursuant to this statute, may recover a broader range of costs than other successful plaintiffs who do not fall within the scope of this particular allowance. Similarly, in *Cargol*, the court relied upon § 1988's more extensive reach regarding taxation of costs in awarding the plaintiff a broader range of taxable costs. *See Cargol*, 2006 U.S. Dist. LEXIS 90162 at *5–6, *8, *13–14 (referencing § 1988 in its discussion of the applicable legal standard to determine taxable costs as well as in its analysis of taxation of deposition exhibit copies, court reporter appearance fees, and under the heading of "Fees for Copying, Editing, Archiving, Expediting, and

Shipping/Handling"). In this way, Plaintiff's claim that "the *Cargol* court's decision regarding the cost of copies of documents necessarily obtained for use in the case is expressly based *solely* on an application of LRCiv 54.1(e)(5) and 28 U.S.C. § 1920(4)," (Doc. 452 at 6), is a constricted interpretation. Indeed, the *Cargol* court relies upon § 1988 several sentences after Plaintiff's aforementioned *Cargol* discussion in its analysis of audiotape copying fees. *Cargol*, 2006 U.S. Dist. LEXIS 90162 at *15–16. Because references to § 1988 are made throughout the *Cargol* court's decision, it is not readily apparent every circumstance where the more extensive reach of this statute influences the *Cargol* court's analysis. Notably, in the instant case, the claims involve patent infringement, not civil rights violations, so § 1988's broader range of taxable costs is inapplicable.

Furthermore, as Defendant contends, the *Cargol* court does not appear to acknowledge that a court's local rules "have the force of law and are binding upon the parties and upon the court." *See Prof'l Programs Group v. Dep't of Commerce*, 29 F.3d 1349, 1353 (9th Cir. 1994) (quotations and citation omitted). For example, the *Cargol* court does not reference the Local Rules in its discussion of the applicable legal standard nor does it apply the specifications set out by the Local Rules to every cost at issue. In addition, the *Cargol* case can be distinguished because it involved consideration of the taxation of numerous minimal costs that altogether equaled a sum of less than $10,000.00, 2006 U.S. Dist. LEXIS 90162 at *6–26, whereas, here, departure from the Local Rules would result in a much more sizeable effect—nearly $110,000. Thus, taxation of said copy costs would contravene the Ninth Circuit's ruling that a departure from a court's local rules is "justified only if the effect is so slight and unimportant that the sensible treatment is to overlook [it]." *Prof'l Programs*, 29 F.3d 1349, 1353 (quotations and citation omitted). Given that Rule 54.1(e)(5) explicitly limits taxable copy costs, that Plaintiff doubted the relevancy of said document copies and could have anticipated they were unlikely to be admitted into evidence at trial or hearing, and that Plaintiff was concerned about the financial expense of copying said documents during

1 discovery, the proper remedy would have been to move the Court at that time to qualify said document copies as taxable. *See Little Oil Co. v. Atl. Richfield Co.*, 852 F.2d 441, 448 (9th Cir. 1988) (holding that when items, which may or may not be considered taxable, incur significant or unusual costs to a party that a court has discretion to conclude that the party controlling expenditures should seek the court's approval prior to incurring the expenses). For these reasons, the Court concludes that the $108,547.74 Plaintiff seeks for exemplification and copying costs are not taxable.

### B. Costs of Copies of Papers Necessarily Obtained from Third Parties

Plaintiff also seeks to recover the $524.10 it paid to third-party record custodians for obtaining copies necessary for the litigation of this matter. (Doc. 447 at 6). Specifically, Plaintiff seeks to recover the $400.00 it spent to obtain certified copies of the file history and ownership assignment documents from the United States Patent and Trademark Office, which were necessary to obtain in order for Plaintiff to carry its "burden of proving infringement and ownership of the asserted patent." (Doc. 447 at 5; *see also* Doc. 436-1 at 3–4). In conjunction with the aforementioned costs, Plaintiff seeks to "recover the $124.10 it spent to obtain copies of publications used during the claim construction process from the University of Minnesota and Amazon.com, both third parties." (Docs. 447 at 5; 436-1 at 4). Plaintiff argues that said publication copies were also necessary to construct its patent infringement claim. (*Id.*)

Because the costs Plaintiff seeks fall squarely within Local Rule 54.1(e)(5)'s third-party record custodian provision and Defendant has not contested an award of said fees, the Court will grant Plaintiff's request for the $524.10 it incurred in obtaining copies from third-party record custodians. *See Bond v. Am. Family Mut. Ins. Co.*, No. CV-06-1249-PHX-DGC, 2008 WL 4601480, at *4 (D. Ariz. Oct. 16, 2008) (taxing analogous costs by default where the opposing party did not dispute the requested fees and such fees appeared authorized by 28 U.S.C. § 1920 and LRCiv 54.1(e)).

### C. Court Reporter Attendance Fees

Plaintiff also claims that the $468.75 it paid for "court reporters to attend certain

depositions, including $375.00 for attendance fees at [three witness] depositions . . . and $93.75 for an extended hour fee at the deposition of Holland's technical expert" qualify as taxable costs. *See* (Doc. 447 at 6); *see also* (Doc. 436-7) ($75 attendance fee for witness deposition); (Doc. 436-15)[1] ($150 attendance fee for witness deposition and $93.75 for an extended hourly fee); (Doc. 436-18) ($150 attendance fee for witness deposition).

Court reporter appearance or attendance fees are not authorized by 28 U.S.C. § 1920. *See Bosse v. Napolitano*, 337 F. App'x 633, 636–37 (9th Cir. 2009) (noting that under 28 U.S.C. § 1920, reporter appearance fees are not appropriate costs to tax). Namely, if the Ninth Circuit has held that a certain cost is not taxable under § 1920, then a district court does not have any authority to order that cost as taxable. *See Johnson v. Pac. Lighting Land Co.*, 878 F.2d 297, 298 (9th Cir. 1989) (holding that while the district court has discretion to fix the taxation of costs, such discretion does not include the authority to tax costs beyond those authorized by statute) (internal quotations and citations omitted). Furthermore, *Foraker v. Apollo Group, Inc.* applied Local Rule 54.1(e)(3) and explicitly disallowed court reporter "appearance fees" incurred in relation to deposition transcripts as taxable costs. No. CV-04-2614-PHX-DGC, 2007 WL 2301269, at *1 (D. Ariz. Aug. 9, 2007). For these reasons, the Court finds that Plaintiff cannot recover the costs for court reporter attendance fees related to the at-issue depositions or the extended hour surcharge at the deposition of Defendant's technical expert.

**D.   Deposition Exhibits and Deposition Transcript and Exhibit Shipping Costs**

Lastly, Plaintiff seeks to recover "the $1,611.60 in costs it incurred relating to exhibit copies and processing/delivery fees for deposition transcripts." (Doc. 447 at 8).

---

[1] Plaintiff cites to Doc. 436-12 for the court reporter attendance fee and extended hour surcharge at the deposition of Defendant's technical expert, *see* (Doc. 447 at 6), but the invoice that actually details these costs is found at Doc. 436-15 at 2.

- 7 -

Specifically, Plaintiff attempts to recover the $1,270.60 in costs it incurred for the court reporter to create deposition exhibits and the $341.00 to ship said deposition exhibits and related transcripts. (*Id.* at 7).

Local Rule 54.1(e)(3) does not authorize a charge for the creation of a deposition exhibit by a court reporter. On the contrary, Local Rule 54.1(e)(3) authorizes taxation of "an original and copy of a *stenographic* transcript of a deposition . . . if it was necessarily obtained for use in the case . . . ." LRCiv 54.1(e)(3) (emphasis added). By virtue of the District of Arizona amending the Local Rule's language of "copy" to "copy of a stenographic transcript" to describe taxable deposition copy costs, the Court infers that the production of any copy that retains more detail than a dictated shorthand version is not taxable. *Compare* LRCiv 54.1(e)(3) (2011) ("[t]he reporter's charge for the original deposition and copy is taxable"), *with* LRCiv 54.1(e)(3) (2012) ("[t]he reporter's charge for an original and copy of a stenographic transcript of a deposition is taxable"). Thus, a creation of a deposition exhibit falls outside the current scope of Local Rule 54.1(e)(3) because a deposition exhibit is not akin to a stenographic transcript.

Plaintiff cites to the *Cargol* decision to support its argument that said deposition costs should be taxed. *See* (Doc. 447 at 7 (citing *Cargol*, 2006 U.S. Dist. LEXIS 90162 at *7–8) (taxing "the costs of deposition exhibit copies and the processing/delivery of deposition transcripts [because they] are inextricably related to and necessary in order to provide a complete deposition transcript")). Nonetheless, *Cargol* does not alter the Court's position because, as stated *supra*, it appears the nature of the civil rights claim in *Cargol* rendered a broader range of taxable costs pursuant to 42 U.S.C. § 1988 and the *Cargol* court was applying the former version of Local Rule 54, which did not limit the "copy" of a deposition to a "stenographic copy." *See* LRCiv 54.1(e)(3) (2006) ("[t]he reporter's charge for the original deposition and copy is taxable"). Additionally, Plaintiff has not identified any authority other than *Cargol* to warrant taxing the shipping costs of

deposition exhibits and related transcripts.[2] The only authority the Court has identified that would support such a finding does not apply the Local Rules for the District of Arizona. *See e.g.*, *In re Ricoh Co.*, NO. C 03-02289 JW, 2010 U.S. Dist. LEXIS 144033, at *17 (N.D. Cal. Sept. 29, 2010) (applying the Local Rules for the Northern District of California and holding shipping costs for deposition transcripts are taxable). Thus, the Court finds that the costs for both the creation of deposition exhibits and their shipping or handling are not taxable.

### E. Total Taxable Costs

For these reasons, the Court will tax to Plaintiff and against Defendant only the amount of $524.10, for costs that PCT incurred for copies of papers necessarily obtained from third-party record custodians.

### IV. Conclusion

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's Amended Motion for Review of Judgment on Taxation of Costs, (Doc. 447), Pursuant to LRCiv 54.1 and Federal Rule of Civil Procedure 54 is **GRANTED IN PART** and **DENIED IN PART**. The Clerk of Court shall enter $524.10 in taxable costs to Plaintiff and against Defendant.

Dated this 8th day of April, 2016.

James A. Teilborg
Senior United States District Judge

---

[2] The Court notes that if the creation of deposition exhibits does not fall within the scope of taxable costs under Local Rule 54, it would seem inconsistent, at best, to then tax the costs of shipping said deposition exhibits.